J-S78029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRELL JOHNSON | : | |
| | : | |
| Appellant | : | No. 358 EDA 2018 |

Appeal from the PCRA Order December 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010412-2008

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MARCH 25, 2019**

Darrell Johnson appeals from the order denying his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Johnson claims the trial court's reasonable doubt jury instruction was unconstitutional. We affirm.

On March 16, 2010, a jury found Johnson guilty of first-degree murder, firearms not to be carried without a license, carrying a firearm on public streets or public property in Philadelphia, and possessing an instrument of crime.[1,2]

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A.§§ 2502(a), 6106, 6108, and 907, respectively.

[2] For a complete recitation of the facts, please see the PCRA court opinion. Trial Court Opinion, filed Apr. 26, 2018, at 2-4 ("1925(a) Op.").

At Johnson's jury trial, the trial court gave the following instruction as to reasonable doubt:

> Now, ladies and gentleman, the standard that the Commonwealth is held to is proof beyond a reasonable doubt. It is the highest standard in the law. There is nothing greater. The Commonwealth bears the burden of proving that . . . Johnson is guilty beyond a reasonable doubt. But this does not mean that the Commonwealth must prove its case beyond all doubt. The Commonwealth is not required to meet some mathematical certainty. The Commonwealth is not required to demonstrate the complete impossibility of innocence.
>
> A reasonable doubt is a doubt that would cause a reasonably careful and sensible person to pause to hesitate, to refrain from acting upon a matter of the highest importance to their own affairs, their own interests. Ladies and gentleman, a reasonable doubt must be a real doubt. It must be a doubt that arises out of the evidence or out of the lack of evidence presented. It may not be a doubt that is imagined. It may not be a doubt that is manufactured to avoid carrying out an unpleasant responsibility. I think about reasonable doubt in this way:
>
> Each of you has someone in your life that you love. Each one of you has a precious one; a spouse, a significant other, a sibling, a child, a grandchild. There's someone in your life who is absolutely precious to you. If you were told that your precious one had a life-threatening condition and that the only appropriate protocol for that condition was surgery, now, ladies and gentleman, most likely you're going to ask for a second opinion. You might even ask for a third opinion. If you're like me, you're going to do all the research you can find.
>
> You're going to want to know what is this condition. How is it treated. What is the likelihood of success. You're probably going to call everybody you know who has anything to do with medicine. Tell me. Tell me what you know about this condition. Tell me about the surgery. Tell me about this doctor who is doing the surgery.

Ladies and gentleman, at some point, however, the question will be called, do you go forward with the surgery or not. If you go forward with the surgery, it's not because you have moved beyond all doubt. There are no guarantees. A reasonable doubt is a doubt that arises out of the evidence presented or out of the lack of the evidence presented with some respect to some element of each of the crimes charged. Ladies and gentleman, if you go forward, it is because you have moved beyond all reasonable doubt. I remind you again that it must be a real doubt. It may not be manufactured. It may not be a doubt that is created to avoid carrying out an unpleasant or serious responsibility.

You may not find . . . Johnson guilty based upon a mere suspicion of guilt. The Commonwealth's burden is to prove beyond a reasonable doubt each and every element of the crimes charged and that . . . Johnson is guilty of those crimes. If the Commonwealth has met that burden, then . . . Johnson is not (sic) longer presumed to be innocent and you must find him guilty.

On the other hand, if the Commonwealth has not met its burden, then you must find him not guilty.

Trial Court Opinion, filed Apr. 26, 2018, at 6 ("1925(a) Op.") (quoting N.T., 3/15/10, at 51-54).[3]

The trial court sentenced Johnson to life in prison for the murder conviction.[4] Johnson's direct appeal rights were re-instated. This Court

_____

[3] The transcripts are not contained in the certified record. However, neither party disputes that this was the instruction provided as to reasonable doubt at Johnson's jury trial.

[4] The court also imposed the following concurrent sentences on the remaining convictions: three to six years imprisonment for the firearms not to be carried without a license conviction, one to two years' imprisonment for the carrying a firearm on public streets in Philadelphia conviction, and six months to one year imprisonment for the PIC conviction.

affirmed the conviction on October 8, 2014, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on March 3, 2015.

On February 22, 2016, Johnson filed a timely PCRA petition. The PCRA court appointed counsel, who filed an amended petition alleging, among other things, that the trial court's reasonable doubt jury instructions were unconstitutional.[5] He relied on the decision of the United States District Court of the Eastern District of Pennsylvania in **Brooks v. Gilmore**, 2017 WL 3475475 (E.D.Pa. filed Aug. 11, 2017). The PCRA court issued notice of its intent to dismiss the petition without a hearing. On December 15, 2017, it dismissed the petition.

The PCRA court found that Johnson waived his claim that the reasonable doubt jury instruction was unconstitutional because counsel did not object at trial and Johnson could have raised the issue on direct appeal, but did not. 1925(a) Op. at 4-5.[6]

_____

[5] Counsel filed an amended petition on February 17, 2017, and then filed two subsequent amended petitions. In reviewing the petitions, the PCRA court reviewed Johnson's *pro se* petition, and all petitions filed by counsel. Trial Court Opinion, filed Apr. 26, 2018, at 2.

[6] The court further found that if Johnson had raised a counsel ineffectiveness claim for failing to object to the reasonable doubt instruction, it would find the claim meritless. The court reasoned that Pennsylvania courts are not bound by federal district court decisions. 1925(a) Op. at 8. It further found, contrary to the finding in **Brooks**, that the medical illustration included in the instruction did not elevate the level of doubt required for a conviction. **Id.** at 8-9. It concluded that "[i]n the context of the entire charge, it did not alter the burden of proof in the manner that the **Brooks** court concluded." **Id.** at 9.

Johnson filed a timely notice of appeal, and raises the following issue:

> Did the PCRA Court err in concluding the Trial Court's instruction on reasonable doubt was not constitutionally defective, and therefore no relief was warranted, wherein the Commonwealth conceded that the instruction given was not consistent with due process and the presumption of innocence?

Johnson's Br. at 4.

When reviewing an order dismissing a PCRA petition, this Court "must determine whether the ruling of the PCRA court is supported by the record and is free of legal error." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citing **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008)).

"[T]o be eligible for relief, a PCRA petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated defects found in 42 Pa.C.S.[A.] § 9543(a)(2), and that the allegation of error has not been previously litigated or waived." **Commonwealth v. Brown**, 872 A.2d 1139, 1144 (Pa. 2005); 42 Pa.C.S.[A.] § 9543(a)(3). A claim is previously litigated "if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." **Id.** (citing 42 Pa.C.S.A. § 9544(a)(2)). A claim is "waived 'if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior state post[-]conviction proceeding.'" **Id.** (quoting 42 Pa.C.S.A. § 9544(b)).

Courts have found claims of trial court error, including claims that a trial court's reasonable doubt jury instruction was unconstitutional, waived where

the appellant could have raised the claim on direct appeal, but did not. ***See,
e.g., Brown***, 872 A.2d at 1145 (finding appellant waived various claims,
including claim that the trial court erred in its reasonable doubt instructions,
where he did not raise the claims on direct appeal); ***Commonwealth v.
Bracey***, 795 A.2d 935, 940 (Pa. 2002) (finding claims of trial court error,
constitutional error, and prosecutorial misconduct waived where claims could
have been raised on direct appeal but appellant failed to do so); ***but see
Brown***, 872 A.2d at 1145 (petitioner did not waive claim that he was
incompetent to stand trial by not raising on direct appeal, even though claim
available, because the issue of whether defendant competent to stand trial is
non-waivable).

In his PCRA petition and on appeal Johnson claims the trial court erred
when it instructed the jury as to reasonable doubt, claiming the instruction
was unconstitutional. The PCRA court found this claim waived. This was not
error. Johnson could have raised it on direct appeal, but failed to do so.
***Brown***, 872 A.2d at 1144-45.

In his PCRA petitions, Johnson did not claim that his trial counsel was
ineffective for failing to object to the reasonable doubt jury instruction or that
his appellate counsel was ineffective for failing to challenge the instruction on
direct appeal and therefore he did not discuss the ***Strickland/Pierce***[7]

---

[7] ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984); ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

ineffectiveness prongs and their application to his claim. *See* Third Amended

Petition for Post Conviction Relief, filed Sept. 12, 2017; Defendant's Reply Br.,

filed Oct. 11, 2017. In his appellate brief, the only mention of the

ineffectiveness prongs comes in quotations to *Brooks*. *See* Johnson's Br. at

13, 16 (quoting *Brooks*, 2017 WL 3475475, at *3, 6). The Pennsylvania

Supreme Court has found that claims of ineffectiveness of counsel are distinct

from the underlying claim of trial court error. *See Commonwealth v.*

*Collins*, 888 A.2d 564, 573 (Pa. 2005) (holding that an ineffectiveness claim

"raises a distinct legal ground for purposes of state PCRA review" and a PCRA

court should "review them under the three-prong ineffectiveness standard").

Because Johnson did not raise a claim that his counsel was ineffective for

failing to object to the reasonable doubt jury instructions, we cannot review

such a claim.[8]

---

[8] Although Johnson claims he need not establish prejudice, he bases this claim on *Sullivan v. Louisiana*, which found that on direct appeal an unconstitutional reasonable doubt jury instruction is not subject to a harmless error analysis. 508 U.S. 275, 279-82 (1993). Whether a PCRA petitioner claiming ineffective assistance of counsel must establish prejudice, however, is a different issue than whether a defendant on direct appeal must establish prejudice after a finding of a structural defect. *Weaver v. Massachusetts*, 137 S.Ct. 1899, 1907, 1910 (2017); *see Commonwealth v. Fisher*, 813 A.2d 761, 775 (Pa. 2002) (Saylor, J., concurring) (finding no prejudice, despite concluding that objection to hypothetical on reasonable doubt would have had arguable merit, where other parts of instructions gave jury correct definitions of reasonable doubt and the evidence was overwhelming). In *Weaver*, the United States Supreme Court discussed structural errors on direct appeal, where prejudice is presumed, and the prejudice prong of ineffectiveness test where the underlying claim of alleged counsel ineffectiveness is a structural defect. 137 S.Ct. at 1907-12. The Court

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/19

---

concluded that for a claim that counsel was ineffective for failing to object to the closing of the court room during *voir dire*, the petitioner must prove counsel's failure prejudiced the defendant. *Id.* at 1912-13. This was so even though a claim that the court unconstitutionally closed the courtroom would have resulted in a new trial if raised on direct appeal, without a harmless error determination. *Id.* at 1908. The Court in **Weaver**, however, specifically noted that it was not addressing whether a petitioner seeking post-conviction relief for failure to object to an unconstitutional reasonable doubt jury instruction would be required to establish prejudice. *Id.* at 1911-12.